Meredith Fon for Appellant Pablo Salas, and I would like to reserve five minutes for my rebuttal. Maddie, it's your time. May it please the Court. This case is about whether federal habeas corpus power extends to judge the validity of the State Court's declination to adjudicate review of a special circumstances allegation. Now the State Court and the District Court below found that it didn't matter because while the State Court held that it didn't matter that the defendant, now Appellant Pablo Salas, was convicted of the special circumstance of gang participation because he was also convicted of another special circumstance, felony murder. Well, that was years ago, and as explained in the briefs, the law on felony murder in California is going out the window. So in fact it doesn't Has it gone out the window or is it going out the window? Well that's an interesting question. The law That's why I asked it. says the law is a path and the path has switchbacks. And some of those switchbacks have happened and some of them have yet to happen. In this case, some of them have happened, and there are people such as Appellant Pablo Salas who now as a result of SB 1493, which actually did, a version of it did pass and go into effect a month ago, and they are eligible for re-sentencing and they are applying for re-sentencing. How does Mr. Salas fit within the statute that became effective in January? That's unsettled and very unclear. Well, what's your best understanding? My best understanding is that he met that it's questionable whether he's even eligible for re-sentencing now because of the existence of the gang murder special circumstance. But Well, set that aside. Assuming he is eligible, there's absolutely no way he oh, setting aside the gang murder special circumstance. Well, in that case, he may well, he would certainly be eligible for relief, and he may well have a meritorious case for re-sentencing. There would be a question on whether he there I would I would expect the prosecution to argue that Mr. Salas had an active enough role in the robbery that he should be held responsible for the murder as well, even though he didn't personally commit it. Now, the jury found that Mr. Salas did not deliberate that that they found him guilty of murder, but they they also found that they rejected an allegation that he deliberated. How precisely would the new statute apply to the robbery special circumstance that was found true in Mr. Salas's case? I believe it would apply directly, Your Honor. How? What language in the in the new statute would eject the robbery special circumstance and so the only thing left standing is the gang murder special circumstance? May I I'm sorry, Your Honor, I don't know that answer off the top of my head. Then how do we know that the new law will have an effect on the robbery murder circumstance to put into play the gang murder special circumstance? Oh, well, it's it's California Penal Code Section 1170.95. And then it has several subdivisions. And I'm not sure off the top of my head exactly which it's a very broad statute. But it does say that when somebody was convicted of murder under the felony murder rule, and that they did not act they did not actually do the murder, nor did they actively promote the whole situation that resulted in the murder, then then they're entitled to resentencing, and they should not. But the problem with him is he's got this gang participation special circumstances. Well, that is a problem because when you have the gang, exactly, Your Honor, when you have the gang participation, it's almost impossible to say that he that that gang participation on his record suggests per se. So in this this habeas petition seeks to set aside that gang participation? Exactly, Your Honor. On the grounds that it wasn't supported by substantial evidence? It was not, Your Honor. And the district court never reached that question because it found it lacked habeas jurisdiction because it didn't get to the next, there was not a sufficient nexus showing here. That's right. They found it to be not cognizable. And they found that under a case called Bailey v. Hill. But in that case, the cognizability issue was totally, was completely distinct. It had to do with an issue that was not cognizable even in the first place because of trial counsel not lodging an objection. You're down to about three and a half minutes, Your Honor, reserve. I do, thank you, Your Honor. Good morning, Your Honors. Brian Means representing Warden M.D. Bitter. May it please the Court. Judge O'Neill was correct in dismissing this case for lack of jurisdiction specifically because the petitioner had simply failed to satisfy the in-custody requirement. As the Court is already aware, 2254A requires that the petitioner be in custody. And that's a jurisdictional requirement that he be in custody in violation of the Constitution or other federal laws. Can I cut to the chase? Sure. So let's assume that we don't have the gang murder special circumstance. And the only premise for the life without parole sentence is the robbery murder special circumstance. Your colleague is saying that the new California law puts into doubt the robbery murder special circumstance. What do you say to that? Well, to begin with, the claim would be unexhausted. He would have to present that down to the state court to obtain relief. But to answer your question more directly, my reading of the statute, although it is only four weeks old and, of course, subject to interpretation, there are a number of provisions here that appear to be impossible for the petitioner to overcome. For example, he'd have to show that he was not a major participant and that he did not act with reckless indifference with respect to the crime. So he's got to get through those initial gates to be able to show that he doesn't fall. But those are all issues that the Superior Court would have to decide, correct? That's correct. There'd be a motion before the new statute contemplates proceedings before the Superior Court for somebody who seeks to take benefit of the statute, right? It does. And then the Superior Court judge would have to go through all of the elements and decide whether or not he satisfies them. That is correct. Right. So the biggest hurdle for him, though, he probably is not even eligible for it, is he's got this gang participation special circumstances, correct? Well, the robbery special circumstance would probably preclude it as well. But that's what the statute seeks to give him an opportunity to overcome. And that's what he would have to do in the Superior Court, right? Right. But I'm just saying, in this proceeding, in this habeas proceeding, he seeks to challenge the constitutionality of the gang participation finding on the basis that it's not supported by substantial evidence. That's right. Right? Right. The district court didn't rule on that, said no jurisdiction. That's correct. Okay. So if he goes back to the district court, let's just assume this for a minute, and the district court looks at the merits, says, yeah, I agree, there wasn't substantial evidence, sets aside the gang participation finding, sends it back for resentencing, couldn't he then attempt to invoke the new statute and try to make the showing that he qualifies to have his felony murder conviction set aside? I think the robbery murder special circumstance would probably be enough to preclude him from obtaining relief. How? Well, I mean, first of all, I think we have the cart before the horse. I think that the Superior Court initially has to go through the new felony murder statute, and then the petitioner has to show that he qualifies under that. And then he could then challenge both special circumstances or, in particular, the gang murder special circumstance. But mind you, that was never imposed by the Superior Court anyway, so we're speculating that that's going to be an obstacle. The jury made the finding, but the Superior Court ignored it. The Superior Court only applied to murder robbery. So as far as we know, it may not apply it when it goes back down as well. So this whole thing may just be academic. Except that that's a decision for the Superior Court, not us. Well, that's true. There's nothing that precludes if the gang enhancement is eliminated. There's nothing that precludes him from petitioning. Well, that's true. Yeah. So let's get to this case, which the district court said it didn't make any difference because the sentences were concurrent. As you know, we've rejected that doctrine as far as direct appeal is concerned. We've said that that discretionary concurrent sentence doctrine is no longer valid. I see Heal as completely different because it involved a fine. So tell us why you think we should adopt that doctrine in habeas. Well, I think there are two different doctrines. One is a discretionary doctrine, and that is the concurrent sentencing doctrine. And the court has rejected that in the direct appeal context. But it's still precedent in this court that it maintains that discretion to do it in the habeas context. So under this court's decision in Van Gelden versus Felder, this court still has the ability and the discretion to do so in this case. But I think there's probably a more fundamental purpose that has to be considered before reaching the discretionary issue. And that's the jurisdictional issue of in custody. And at this point, as we are here right now, petitioner is not in custody under the gang murder special circumstance because the superior court simply ignored it, did not impose it. So as the petitioner sits in custody. Is that up to the superior court? In other words, once the jury finds a robbery murder special circumstance, isn't that self-executing and it leads inexorably to a life without parole? No, no, I don't think that's true at all. In California, the judgment controls and the judgment here is that he was sentenced. Doesn't the statute say must or shall? Well, if the jury finds robbery special circumstance, then the defendant shall be sentenced either to death or life without parole. So what difference does it make what the judge says? Well, we know from Ritchie versus Bradshaw from the Supreme Court, we're bound by what the California courts tell us. They are the final arbiters of state law. And the California appellate court here saw it fit that the superior court did not impose this and left it. They didn't correct it. They didn't send it back down and say you made a mistake and to impose it. They left the judgment as it is. And I think we take the judgment as it is. And that is the way the California state courts left it. And I don't think the federal. Did the state challenge the fact that the trial court rested the life without parole sentence solely on the gang murder special circumstance and not the robbery murder special circumstance? Not to my knowledge. So then there was nothing for the state appellate court to decide. So therefore, there's no holding of the court, of that court to which this court has to defer, correct? Well, they're certainly aware of it. They discussed the issue. And they certainly have the jurisdiction to correct it if they saw fit. And they didn't. But again, we're back to the situation as it is. And the situation as it is, is he simply is not in custody under that special circumstance. He is under in custody only on the special circumstance with regards to the robbery murder. And that is it. So if he's not in custody, then there on the gang murder special circumstance, then there is a lack of nexus between the two. Another way the court put it is that, in their vernacular, it was harmless because of the result that he was already received an LWOP sentence as a result of the other special circumstance, that being the robbery murder. And they found, therefore, it was harmless error. So the question then becomes, is their decision that it was harmless error, an objectively unreasonable application of clearly established Supreme Court precedent? Or using the Brecht standard, was there a substantialist and injurious effect to the petitioner? So looking at it from that perspective, there was harmless error here because the petitioner had already been sentenced on a different special circumstance, being the robbery murder special circumstance. So let me, I just want to make sure I understand your view on how he should go, how he should proceed. So as I understood it, what you said before was that he should go back to the Superior Court and start afresh. Exactly. Right, he should file a motion, and the Superior Court judge will probably say, well, you got a gang enhancement finding, special circumstances finding. Well, I don't know exactly. You just don't qualify. You're out of luck. Well- Then what does he do? Well, I'm not sure that's exactly the way the statute will operate. I mean, subsection E, 2 and 3 are the prerequisites under the statute for him to satisfy first, and in particular, he'll have to show he wasn't a major participant in any debt act with reckless indifference. And until he can get past those threshold showings of the new statute as just passed in January, I don't think he can get any further. And I don't think that question has been exhausted. I think his appropriate remedy in this particular instance is to return to Superior Court, a provision is allowed specifically in the statute for him to challenge that, and that's the procedure and vehicle that he should use. Just one other question before you sit down. I assume from your responses today that if he goes back to Superior Court and petitions for relief, that the state would not say he's ineligible for relief because of the gang enhancement, because your position is it was never imposed, is that true? Well, that's a little unclear. This would be handled at a different level by the district attorney's office. Now, it was not imposed. That doesn't necessarily mean that it could not be revisited as an unlawful sentence. So I can't guarantee what the result will be. But in the Superior Court record, it's still there, the jury returned a finding. Honestly, I would have to speculate as to what would occur in the Superior Court. All I can say is at this point, the record is, is that the Superior Court on the first go around did not impose that particular special circumstance. Whether it would be revisited, I cannot, I do not know. I think what my colleagues are concerned with is that in federal court, you're saying, well, the LWOP sentence rests on, it doesn't rest on the special circumstance, the gang murder special circumstance, so therefore, there's no one in custody. I think what my colleagues are concerned with, and I'm concerned as well, is that you're going to do the reverse in Superior Court and say, well, the LWOP sentence stands on the other special circumstance, so there's no reason to reach the one that's the robbery murder special circumstance. In state court, in other words, you're going to put Mr. Salas in a catch-22. And I think what my colleagues are asking is, will the state commit not to put Mr. Salas in a catch-22 if, in fact, he goes back to state court? No, I can't commit to that, Your Honor. But what I can commit to is that he would have the full remedies available to him in the Superior Court, the Court of Appeal, the California Supreme Court, and ultimately back through the district court and to this court as well. So every decision that would be made and revisited before would be subject not only to the direct review in state court, but also this court's habeas review. Thank you, Your Honors. Thank you. Rebuttal. On behalf of Mr. Salas, I appreciate the concern that Your Honors have expressed. He is entitled to a clear record of where he stands in the eyes of the law. That's a matter of fundamental due process. I believe it's substantive due process as opposed to procedural. And whether a special circumstance fits in the box of being a crime or an enhancement or something else matters not. The Supreme Court has told us again and again that elements matter. And anything that is the basis for a sentence, including imposition of an LWOP sentence, that's elements. So- Let's say we get past the in custody issue and we decide that he's in custody. What's wrong with the state appellate court's harmless error finding under Chapman? Why is that an unreasonable application of federal law? Well, it's unreasonable under Jackson v. Virginia because there's a lack of sufficient evidence presented to support that finding. The jury did find that allegation true. But there's a lack of sufficient evidence to support it, for one thing. But the state appellate court said that that didn't matter because there was this robbery murder special circumstance as well. Exactly, but it does matter. And- Why? Because- If there's two grounds to sentence somebody to LWOP and one of them goes away, you still have the other one. And that's what the state appellate court said is we still have robbery murder. So it doesn't matter whether we get rid of gang murder because he still has the same sentence. That's right. And they said that in the light of the most extreme criminalization and incarceration policies that have existed in any of our lifetimes. And the voters of California got sick of it. And in starting in 2012, they enacted three strikes reform. And then in 2014- Was the state appellate court wrong at the time that it made its decision? It was. But it didn't have a crystal ball, so it couldn't have known what was going to happen to the law, state law, afterwards. At the law, the California law as it existed at the time the state appellate court ruled said what it said. It didn't need a crystal ball. It just needed to keep its eye on the long view, on the full horizon of what the law is about, what it does, where it goes, that it is not fixed in time. And especially when it comes to extreme policies, law changes. And here we have a habeas petitioner, a defendant then, who is a young man. He's still a young man. Let me ask you one thing I want to understand about this gang participation. As I recall, the court of appeal did set aside his gang participation offense. There was a — wasn't there a separate count on which he was convicted of gang participation as a person? Oh, yes, the stand-alone. Yes. That's — I apologize if I misunderstood your question. Yes, that's right. The state court of appeal set that aside. Yes, it did. For lack of sufficient evidence. That's right. And what it didn't do is it didn't go further and look at the special circumstance gang participation finding that supported the LWOP. Isn't that right? Isn't that what they did? So we don't need to do that. Correct, Your Honor. That's correct. Right? That's correct, Your Honor. Because it wouldn't make any difference. It's harmless. Because he has this separate felony murder. Right. Just lock him up, throw him away, and forget about it. He doesn't need to process anymore. So the state court of appeal really didn't address that? No, they didn't. Let me ask you a practical question. Basically, the state has come in here and said he's not in custody because of the special circumstance. He was never — that was never applied to him. So why don't you just take the state at its word? This case is race judicata. They try — you go down to make your petition. They try to erase the gang enhancement issue, and you say, look, it's race judicata in federal court. It's determined that he was never convicted of this. And either race judicata or judicial estoppel would apply so that the state couldn't assert it. What's wrong with that outcome? It's one way to do it if you have to, but, Your Honor, I believe due process requires more clarity than that. And he's going to have enough issues to litigate — The end result is you're seeking to eliminate the enhancement, right? Yes. Because of the special circumstance. That's right, Your Honor. And the state says that was never applied. Well, you know, it's risky. Errors happen, just like the error that happened in this case where we're here litigating today many years later. Sure. But if, as a practical matter, because the district court didn't reach the issue, what we would do is remand it to the district court, and you'd be arguing on the merits, which you might well lose. The district court — Yes. On the merits, you're challenging — remember, if you go to district court, the district court never decided whether or not the special circumstance gang finding was supported by substantial evidence. The district court didn't reach that issue. They should have reached it, and they should have granted that claim. And this Court can grant that claim, too. I think what Chief Judge Thomas is saying is that there's no guarantee that that's going to be the outcome in district court. Oh, I — that's — that may — that — right, there's no guarantee of anything. Well, what's the holding of the State Appellate Court that is deserving of deference under 2254D? It's that the gang murder special circumstance, even if it was erroneous, it was harmless error because the LWOP sentence rested independently on the robbery murder special circumstance, right? And so it was a Chapman holding. Well, Your Honor, I would say that what's entitled to deference is the State Court's ruling that there was a lack of sufficient evidence to support the standalone act of participation in a gang count. And because there was a lack of evidence to support the standalone gang count, that alone is an element of the special circumstance. So, logically, the deference that must be accorded to the State Court goes to the State Court's finding that there was a lack of sufficient evidence to support the standalone gang finding. Thank you, Counsel. The case just argued will be submitted for decision, and we'll proceed to the next case on the oral argument calendar, which is Claiborne v. Blouser.
judges: Thomas, Paez, Feinerman